**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4001-15T3

DORIS GAMBRELL and EUGENE
GAMBRELL,

    Plaintiffs-Respondents,

and

FALGUNI PATEL, individually and
on behalf of herself and others
similarly situated,

    Plaintiff-Appellant,

v.

HESS CORPORATION, INC.,

    Defendant-Respondent.

_____

        Submitted May 2, 2017 — Decided June 1, 2017

        Before Judges Yannotti, Fasciale and
        Sapp-Peterson.

        On appeal from Superior Court of New Jersey,
        Law Division, Middlesex County, Docket No. L-
        7761-12.

        The Wolf Law Firm, LLC, attorneys for
        appellant Falguni Patel (Matthew S. Oorbeek,

Andrew R. Wolf and Henry P. Wolfe, on the briefs).

Wilentz, Goldman & Spitzer P.A., attorneys for respondent Hess Corporation, Inc. (Brian J. Molloy, of counsel and on the brief; Daniel J. Kluska, on the brief).

PER CURIAM

Plaintiff Falguni Patel, individually and on behalf of a class of similarly-situated persons, appeals from an order of the Law Division dated April 29, 2016, which denied a motion by The Wolf Law Firm, LLC (Class Counsel) for a supplemental award of attorneys' fees. We affirm.

This appeal arises from the following facts. On October 29, 2012, Superstorm Sandy struck New Jersey and caused extensive damage. In the immediate aftermath of the storm, Hess Corporation, Inc. (Hess) made efforts to supply its retail stations with gasoline. According to Hess, it made an error while transferring gasoline to delivery trucks and some of the fuel sold to customers at three of Hess' stations was all or part diesel fuel, but mislabeled as regular gasoline.

Customers who purchased the mislabeled fuel reported that they had problems with or damage to their vehicles. Hess thereupon issued a press release acknowledging the error. It agreed to pay customers for the losses, which included the amounts they spent to purchase the fuel, towing costs, lost wages, and the cost to

rent replacement vehicles. In some cases, Hess agreed to provide customers with gift cards. Hess' total payments to these purchasers exceeded $1 million.

Doris and Eugene Gambrell (the Gambrells) purchased the mislabeled gasoline at one of the three affected Hess stations, and thereafter notified Hess that they had problems with their vehicle. The Gambrells retained Class Counsel, and on November 21, 2012, filed a complaint against Hess seeking relief on their own behalf and on behalf of a class of other Hess customers who were similarly situated. The Gambrells sought compensation for the damages sustained as a result of the purchase and use of the mislabeled gasoline.

The Gambrells asserted claims under the New Jersey Motor Fuel Retail Sales Act, N.J.S.A. 56:6-1 to -32; the Consumer Fraud Act, N.J.S.A. 56:8-1 to -204; and the Truth in Consumer Contract, Warranty and Notice Act (TCCWNA), N.J.S.A. 56:12-14 to -18. They also asserted claims for breach of contract and the negligent or reckless destruction of property. On December 4, 2012, an amended complaint was filed, which added Patel as a named plaintiff.

The parties thereafter engaged in limited discovery. Hess took depositions of the three named plaintiffs, as well as Patel's sons. In addition, Hess produced about 9000 documents in response to plaintiffs' requests. Most of the documents related to files

that Hess had generated about customers who purchased the mislabeled fuel. Neither party retained an expert. Patel asserts that there were disputes about the production of records related to the Gambrells' prior lawsuit against Hess, but Hess states that the disputes were not significant.

In February 2014, the attorneys for the parties participated in a mediation session. After a full day of negotiations, the attorneys reached an agreement on the terms of a settlement. Class Counsel drafted a memorandum of understanding, which the attorneys for the parties signed before leaving the mediator's office.

It appears that a short time later, the Gambrells decided that they did not want to proceed with the settlement, and indicated that they were going to continue to prosecute their own claims against Hess. Class Counsel filed a motion for leave to withdraw as counsel for the Gambrells, and Hess filed a motion to enforce the settlement with them.

The trial court granted Class Counsel's motion, and Class Counsel continued as the attorney for Patel. The court also granted Hess' motion and enforced its settlement with the Gambrells.

Thereafter, the parties engaged in limited discovery to determine the number of class members, the number of vehicles involved, and the effect that the sale of Hess' retail gas stations to Speedway, LLC (Speedway) would have on the settlement. In

4

addition, the parties attended another session with the mediator to address certain outstanding issues.

On April 15, 2015, the parties entered into a settlement agreement that resolved the claims under TCCWNA. Hess agreed it would not object to Patel's application for preliminary approval of the settlement or certification of the putative class. The agreement stated that the class would consist of 583 persons who purchased the mislabeled fuel at one of three Hess filling stations in New Jersey, and relief would pertain to 645 qualified transactions.

The agreement also stated that the settling class members would receive gift cards totaling $125 to $425, which could be redeemed at any Hess or Speedway retail outlet. In addition, Hess would pay $9151 to the Gambrells, and $12,849 to Patel to resolve their individual claims and recognize their efforts on behalf of the class.

The agreement further provided that Class Counsel could file an initial application for attorneys' fees and costs no later than sixteen days before the date scheduled for the final approval of the settlement. The agreement stated that Hess would be afforded an opportunity to object to the application, but it would not object to the award of "reasonable" attorneys' fees and costs.

Thereafter, Hess provided Class Counsel with a sample of the gift cards that it would issue to the settling class members. Class Counsel objected to the form of the card, and demanded that the cards specifically state that they are accepted at all Hess and Speedway retail locations. Hess refused the demand and Class Counsel raised this issue with the mediator, who determined that the settlement agreement did not require Hess to issue special cards to the settling class members.

Patel then filed a motion for preliminary approval of the settlement, and on June 10, 2015, the trial court granted the motion. Class Counsel later filed a motion seeking final approval of the settlement, and an application for the award of attorneys' fees in the amount of $310,536.50, with an enhancement of twenty-five to fifty percent. Class Counsel also sought costs of $7830.53. Hess opposed the fee application.

On September 30, 2015, Judge Travis L. Francis entered an order granting final approval of the settlement. The judge reduced the number of hours for which Class Counsel should be compensated, and found that the hourly rates upon which Class Counsel was seeking compensation were reasonable. The judge refused to apply a fee enhancement because the case did not involve any novel legal issues, Hess had conceded liability, and the matter did not involve any issue of significance to the public. The judge noted that Hess

had acknowledged its error in mislabeling the fuel and had paid more than $1 million to affected customers without litigation. The court awarded Class Counsel $274,576.50 in attorneys' fees, and the full amount of the costs requested, for a total of $282,407.03.

The court's order of September 15, 2015, permitted Class Counsel to submit a supplemental fee application for additional attorneys' fees and costs incurred after July 31, 2015, the date of the last entry addressed by the court's award. The order stated, however, that Hess could oppose the application.

In accordance with the agreement, Hess issued 640 gift cards in the total amount of $78,375 to settling class members. In addition, Hess paid Patel $12,849 and the Gambrells $9151. Hess also paid $2500 for the fees and expenses of the settlement administrator. Hess' payments totaled $102,875.

In February 2016, Class Counsel filed a supplemental fee application, seeking additional attorneys' fees in the amount of $42,556.50 and costs of $957.51, which were incurred from July 31, 2015, to February 16, 2016. Hess opposed the application.

On April 29, 2016, Judge Francis filed a written opinion and order which denied the supplemental application for attorneys' fees, but awarded Class Counsel costs in the amount of $957.51. In his opinion, Judge Francis found that Class Counsel had already been "generously awarded" more than $282,000. The judge stated

7                                                    A-4001-15T3

that the time entries in the supplemental application did not reflect time expended to benefit the class and the settlement.

The judge found that, under the circumstances, the hours expended by Class Counsel exceeded "what was necessary." The judge wrote:

> The claims asserted by the [p]laintiffs in this action were not novel issues. Significantly, Hess Corporation admitted to the mistaken sale of diesel fuel to customers in its efforts to supply the public with gasoline in the wake of Superstorm Sandy. Hess subsequently agreed, without the need for litigation, to reimburse hundreds of customers more than $1 million for their losses. Hess has been generally cooperative in the resolution of this matter. The matter was settled after the parties signed a Memorandum of Understanding during a mediation session on February 27, 2014, over two years ago. Plaintiffs and [d]efendant signed the Class Action Settlement Agreement, effective as of April 15, 2015, over a year ago.

The judge noted that many of the entries in the application related to correspondence with the mediator or the settlement administrator. The judge commented that such correspondence was anticipated, and the time that Class Counsel devoted to these matters was "subsumed by the amount previously awarded." The judge added that Class Counsel would not be awarded fees for any work related to preparing the briefs for the final approval hearing and to attendance at the hearing. The judge noted that Hess did not oppose final approval of the settlement but opposed the initial

A-4001-15T3

fee application. The judge found that these time entries also were subsumed in the amount of attorneys' fees previously awarded. This appeal followed.

On appeal, Patel argues the trial court erred by not granting the application for supplemental attorneys' fees. Patel argues that Class Counsel is entitled to the additional fees. She further argues that this court should approve the supplemental fee application and apply Class Counsel's current rates.

We are convinced that the trial court's denial of the supplemental fee application was not a mistaken exercise of discretion and Patel's arguments on that issue are without sufficient merit to warrant extended discussion. R. 2:11-3(e)(1)(E). We affirm the trial court's order denying the application substantially for the reasons stated by Judge Francis in his written opinion dated April 26, 2016. We add the following brief comments.

A trial court's decision on an application for the award of attorney's fees is reviewed for an abuse of discretion. Rendine v. Pantzer, 141 N.J. 292, 317 (1995). An appellate court will set aside a trial court's fee award "only on the rarest of occasions, and then only because of a clear abuse of discretion." Grubbs v. Knoll, 376 N.J. Super. 420, 430 (App. Div. 2005) (quoting Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001)).

Under the fee-shifting statutes, "the first step in the fee-setting process is to determine the 'lodestar': the number of hours reasonably expended multiplied by a reasonable hourly rate." Rendine, supra, 141 N.J. at 334-35. "Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary." Id. at 335 (quoting Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)).

> [I]f the specific circumstances incidental to a counsel-fee application demonstrate that the hours expended, taking into account the damages prospectively recoverable, the interests to be vindicated, and the underlying statutory objectives, exceed those that competent counsel reasonably would have expended to achieve a comparable result, a trial court may exercise its discretion to exclude excessive hours from the lodestar calculation.
>
> [Id. at 336.]

The court must then determine a reasonable hourly rate based on prevailing market rates in the relevant community, and apply that rate to the lodestar. Id. at 337 (citing Rode, supra, 892 F.2d at 1183). The court also may increase the fee to reflect the risk of nonpayment "in all cases in which the attorney's compensation entirely or substantially is contingent on a successful outcome." Ibid.

Here, Judge Francis found that additional fees should not be awarded to Class Counsel for the time devoted to the matter after

10

July 31, 2015, because Class Counsel had already been generously compensated with the award of counsel fees in the amount of $274,576.50, and additional fees would not be reasonable under the circumstances. The record supports that determination.

As Judge Francis pointed out in his opinion, Hess admitted its mistake in mislabeling the fuel shortly after learning of the error, and Hess reimbursed affected customers in an amount exceeding $1 million without the need for litigation. Hess' total payments in this case were $102,875, which includes the gift cards issued to settling class members, the amounts paid to the Gambrells and Patel, and the fees and expenses of the settlement administrator.

Moreover, the record shows that Hess was generally cooperative and resolved this litigation without the need for extensive discovery. The case did not involve any issue of genuine public importance. In addition, the time that Class Counsel devoted to corresponding with the settlement administrator and preparation for the final approval hearing should have been anticipated, and was subsumed within the attorneys' fees previously awarded.

On appeal, Patel argues that Class Counsel is entitled to be compensated for the hours devoted to the litigation after July 31, 2015, because the prior award did not include fees for this period. However, Class Counsel is only entitled to a reasonable fee for

A-4001-15T3

the litigation, not all counsel fees sought. Based on our review of the record, we are convinced that the trial court properly determined that the award of additional fees would not be reasonable under the circumstances.

Patel further argues that the trial court's September 30, 2015 order granting final approval to the settlement agreement suggested that Class Counsel would be compensated for any time expended after July 31, 2015. We disagree. The order only indicated that Class Counsel could seek additional fees. The order did not guarantee that additional fees would be awarded. Indeed, the order expressly provided that Hess could object to any supplemental fee application.

Patel also argues that the trial court erred by failing to award Class Counsel fees for the time devoted to the fee applications. The record shows, however, that the court included time for the preparation of the initial fee application (9.9 hours) in the first award. Because the judge denied the supplemental fee application, Class Counsel was not entitled to be compensated for the time devoted to that application.

In addition, Patel contends the trial court effectively re-wrote the settlement agreement, which allowed Class Counsel to seek supplemental attorneys' fees. Patel recognizes that the settlement agreement specifically allows the trial court to

A-4001-15T3

eliminate any attorneys' fees that it found to be unreasonable. Patel argues, however, that the trial court's refusal to award attorneys' fees for the time devoted to the case after July 31, 2015, was unreasonable and contrary to the terms of the settlement agreement. Again, we disagree. As we have explained, the judge's determination was supported by the record, and it is not inconsistent with the settlement agreement, which expressly recognizes that the court may only award attorneys' fees that are reasonable.

In view of our decision, we need not consider Patel's contention that, rather than remand the matter to the trial court, we should grant the supplemental fee application and apply Class Counsel's current hourly rates.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4001-15T3